cHONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CAROL LORRAINE TUCKER,<br><br>                    Plaintiff,<br><br>          v.<br><br>UNITED STATES POSTAL SERVICE,<br><br>                    Defendant. | CASE NO. C20-5537RBL<br><br>ORDER |

THIS MATTER is before the Court on pro se Plaintiff Tucker's "Emergency Filing" [Dkt. # 9] which the Court will construe as a Motion for a Temporary Restraining Order.

Tucker claims the Ocean Shores Post Office is not handling her mail and packages in the manner she desires and that they agreed to do so differently[1]. She asserts a Section 504 Rehabilitation Act claim, seeking to force the USPS to deliver large packages to her door. The Court granted her Motion to proceed *in forma pauperis* [Dkt. # 5]. She filed her Complaint [Dkt. # 7] and received a Summons [Dkt. # 8] from the Clerk's office but there is no indication that Tucker has attempted to serve the Defendant USPS, or that it has been served with a copy of the

---

[1] Tucker complains about Amazon's delivery locations, but such deliveries which are often made by carriers other than the USPS.

ORDER - 1

summons and complaint under Fed. R. Civ. P. 4. USPS has recently appeared and opposed Tucker's motion.

Tucker seeks an Order requiring the Ocean Shores USPS to do following:

> 1. Immediately cease and desist from refusing to deliver mail, or returning mail as Undeliverable, to my post office box whether addressed to my street address or post office box;
>
> 2. That all parcels, whether addressed to my street address or post office box be delivered to a parcel locker per 2019 agreement;
>
> 3. That parcels too large for a parcel locker, whether addressed to my street address or post office box be delivered to my front door;
>
> 4. That Ocean Shores Post Office immediately cease and desist from further acts of retaliation against me;
>
> 5. That since USPS Seattle Regional Office repeatedly refuses to discipline or remove the postmaster, carrier, and box clerks who have perpetrated said acts of retaliation against me, that this esteemed Court order the United States Postal Inspection Service immediately investigate and monitor said employees[.]

[Dkt. # 9]

The purpose of a TRO is "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing [on the preliminary injunction application], and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423 (1974); *see also Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130–31 (9th Cir. 2006). For a court to grant a preliminary injunction, the plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council*, Inc., 555 U.S. 7, 20 (2008). The last two factors merge if the government is a party. *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014). When considering whether to grant this "extraordinary remedy, . . . courts must

balance the competing claims of injury and consider the effect of granting or withholding the requested relief, paying particular regard to the public consequences." *Winter*, 555 U.S. at 24.

The Ninth Circuit continues to apply one manifestation of the "sliding scale" approach to injunctions in which "a stronger showing of irreparable harm to plaintiff might offset a lesser showing of likelihood of success on the merits." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). "In other words, 'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.* at 1131-32. However, an injunction cannot issue even when there is a strong likelihood of success on the merits if there is just a mere possibility of irreparable harm. *Id.* at 1131 (explaining the holding in *Winter*, 555 U.S. at 22).

Tucker has not met any of the prerequisites for a Temporary Restraining Order. While her Section 504 Accommodation claim is plausible, she has not yet established that she is likely to succeed on the merits of that claim. Tucker has supplemented her Motion four times since it was filed. [Dkt. #s 10-13]. These supplements include photographs of a damaged package and testy email exchanges with USPS personnel. In one, the USPS acknowledges her needs and plainly offers to accommodate them in a way that is not as far-reaching as her demands here, but does allow her to timely receive the packages at the place she desires. [Dkt. # 11-1 at 2]. Tucker has not established any likelihood she will prevail on her claims that the USPS is refusing to reasonably accommodate her needs, that she is being retaliated against, or that this Court can or should refer this matter for investigation.

Nor can Tucker demonstrate that she is likely to suffer irreparable harm in the absence of injunctive relief. The frequency of the conflicts over delivery locations for parcels of various

sizes and addresses is not clear, but Tucker's supplement also includes her email telling the USPS that she is going to switch to UPS as a carrier, instead. She can also presumably use one of Amazon's other carriers for the medical supplies she orders there. Tucker has not established that she will be irreparably harmed if the USPS is not ordered to do things she lists in her motion.

Tucker does not address the balance of the equities, but it is not apparent from the record that they tip in her favor. And she has not and cannot establish that an injunction like the one she seeks is in the public interest.

Tucker's Motion for a Temporary Restraining Order is DENIED.

IT IS SO ORDERED.

Dated this 11th day of August, 2020.

_____
Ronald B. Leighton
United States District Judge