HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CAROL LORRAINE TUCKER,

    Plaintiff,

  v.

UNITED STATES POSTAL SERVICE,

    Defendant.

Case No. 3:20-cv-05537-RAJ

ORDER

Following Judge Ronald B. Leighton's retirement, this matter was reassigned to this Court. Dkt. # 27. Months ago, while this matter was before Judge Leighton, Plaintiff Carol Lorraine Tucker submitted an "Emergency Filing," Dkt. # 9, which the Government and Judge Leighton construed as a motion for a temporary restraining order ("TRO"), Dkt. ## 18, 21. Ms. Tucker sought an injunction requiring the Ocean Shores United States Postal Service to do the following:

    1. Immediately cease and desist from refusing to deliver mail, or returning mail as Undeliverable, to [her] post office box whether addressed to [her] street address or post office box;

    2. That all parcels, whether addressed to [her] street address or post office box be delivered to a parcel locker per 2019 agreement;

    3. That parcels too large for a parcel locker, whether addressed to [her] street address or post office box be delivered to [her] front door;

    4. That Ocean Shores Post Office immediately cease and desist from further acts

ORDER – 1

of retaliation against [her];

5. That since USPS Seattle Regional Office repeatedly refuses to discipline or remove the postmaster, carrier, and box clerks who have perpetrated said acts of retaliation against [her], that this esteemed Court order the United States Postal Inspection Service immediately investigate and monitor said employees[.]

Dkt. # 9 at 2.

After reviewing the materials—including Ms. Tucker's supplements to her motion—Judge Leighton denied the motion for a TRO, holding that Ms. Tucker failed to meet any of the four factors set forth in *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Dkt. # 21. Ms. Tucker then filed a motion for reconsideration, Dkt. # 23, which Judge Leighton denied for being untimely and without merit, Dkt. # 26.

Two days after reassignment to this Court, Ms. Tucker filed a "Submission of New Emergency Filing." Dkt. # 29. The submission cites no case law or any other authority. *Id.* Instead, Ms. Tucker bases the submission on "hopes that Judge Jones will give it the attention and justice it and [she] deserve[s], unlike Judge Leighton." *Id.* The Government, yet again, construed the "request" for an "emergency order" as a motion for a TRO and responded. Dkt. ## 31, 32. In her reply, Ms. Tucker did not object to that interpretation. Dkt. # 33.

Construing the submission as a motion for a TRO, the Court finds that Ms. Tucker is not entitled to emergency relief. Ms. Tucker already requested a TRO. Dkt. # 9. She supplemented her request five times. Dkt. ## 10-13, 15. Her request was denied for failing to meet any of the four TRO factors: likelihood of success on the merits, likelihood of suffering irreparable harm, balance of the equities, or public interest. Dkt. # 21. She moved for reconsideration and filed a supplement to boot. Dkt. ## 23, 24. Reconsideration was denied. Dkt. # 26. As the Government observes, the Court's denial of the previous motion for a TRO and motion for reconsideration are the law of the case. Dkt. # 32 at 3-4. As such, they preclude any relief here.

Under the "law of the case" doctrine, "a court is generally precluded from

ORDER – 2

reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993), *cert. denied* 508 U.S. 951 (1993).  "A court may have discretion to depart from the law of the case where: 1) the first decision was clearly erroneous; 2) an intervening change in the law has occurred; 3) the evidence on remand is substantially different; 4) other changed circumstances exist; or 5) a manifest injustice would otherwise result." *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997).  None of those five circumstances are present here.

Of course, the relief that Ms. Tucker seeks here varies from the relief she sought in her initial motion for a TRO—but only slightly.  *Compare* Dkt. # 29 at 2 *with* Dkt. # 9 at 2.  As Judge Leighton previously observed, in her previous motion for a TRO, Ms. Tucker at bottom "claim[ed that] the Ocean Shores Post Office [was] not handling her mail and packages in the manner she desire[d]."  Dkt. # 21 at 1.  The same is true here.  Like her previous request for injunctive relief, Ms. Tucker's instant request fails to show any of the four TRO factors: likelihood of success on the merits, likelihood of suffering irreparable harm, balance of the equities, or public interest.  Thus, to the extent that this request for injunctive relief varies from the previous one, it is denied.

For the reasons stated above, the Court denies Ms. Tucker's Submission of New Emergency Filing.  Dkt. # 29.

DATED this 8th day of September, 2020.

The Honorable Richard A. Jones
United States District Judge

ORDER – 3