HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CAROL LORRAINE TUCKER,

    Plaintiff,

    v.

UNITED STATES POSTAL SERVICE,

    Defendant.

Case No.  3:20-cv-05537-RAJ

ORDER

This matter comes before the Court on Plaintiff's Request for Pro Bono Attorney. Dkt. # 50.  The Court construes the request as one for a motion to appoint counsel.  For the reasons below, the motion is **DENIED**.

In her request, Plaintiff Carol Lorraine Tucker claims that she does not know what the Court's previous order (the Order Regarding FRCP 26(f) Conference, Initial Disclosures, and Joint Status Report, Dkt. # 49) means or what the order requires her to do. Dkt. # 50.  Ms. Tucker says that, even worse, she is "in pain and ha[s] cataracts," limiting her ability to prosecute her case. *Id.*  She requests that the Court appoint her counsel given "every American citizen's Constitutional right to access the courts." *Id.* Defendant United States Postal Service ("USPS") opposes the motion. Dkt. # 51.

Generally, a person has no right to counsel in civil actions. *See Storseth v.*

ORDER – 1

*Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).  However, a court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1).  *Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004).

When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).  Yet neither of these considerations is dispositive; they must instead be viewed together.  *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  A plaintiff must plead facts showing that she has an insufficient grasp of her case or the legal issue involved and has an inadequate ability to articulate the factual basis of her claim.  *Agyeman*, 390 F.3d at 1103.  Although most parties would benefit from representation by an attorney, that is not the standard for appointment of counsel in a civil case.  *See Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F. 3d 952 (9th Cir. 1998) (finding that a *pro se* litigant may be better served with the assistance of counsel is not the test).  A plaintiff must show exceptional circumstances.

Ms. Tucker has failed to show that her case presents exceptional circumstances.  First, as explained in this Court's three previous rulings, Ms. Tucker has failed to show a likelihood of success on the merits.  Dkt. ## 21, 36, 48.  The Court need not rehash that analysis here.  Second, this matter is not complex.  Ms. Tucker claims that USPS violated her rights under Section 504 of the Rehabilitation Act by failing to provide her with a reasonable accommodation.  Dkt. # 7 at 3.  Her complaint contains a single claim against a single defendant.  Ms. Tucker has shown that she has an adequate grasp of the facts of her case and the legal issues involved.  To date, besides her complaint, Ms. Tucker has filed several motions with the Court—three emergency filings (Dkt. ## 9, 29, 40), two motions for reconsideration (Dkt. ## 23, 37), and two motions for recusal (Dkt. # 22, 38),

ORDER – 2

to name a few.  She has supplemented many of those motions with documentary evidence.

Though Ms. Tucker may indeed benefit from counsel, that is not the standard here.  She must show that her case presents "exceptional circumstances"; she has not.  Thus, Ms. Tucker's Request for Pro Bono Attorney is **DENIED**.  Dkt. # 50.

DATED this 10th day of December, 2020.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 3